UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Daniel J. Perry, | ) C/A No. 6:20-cv-02223-TMC-JDA |
|---|---|
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Allen O. Fretwell, W. Walt Wilkens, | ) |
| Defendant. | ) |

Daniel J. Perry ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a detainee at the Greenville County Detention Center. He files this action in forma pauperis under 28 U.S.C. § 1915 and § 1915A. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Having reviewed the Complaint in accordance with applicable law, the undersigned finds that this action is subject to summary dismissal for the reasons below.

## BACKGROUND

Plaintiff makes the following allegations in his Complaint. [Doc. 1.] Plaintiff contends that Defendants violated his rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. [Doc. 1 at 4.] According to Plaintiff, he was arrested on April 2, 2019, based on allegations that he was driving under a suspended license and unlawfully carrying a firearm. [*Id*. at 6.] After Plaintiff paid bond on those charges, he was released. [*Id*.] Plaintiff was again arrested on June 28, 2019, based on allegations that he was trafficking drugs, driving under a suspended license, and speeding.

[*Id*.] Plaintiff alleges he was then illegally seized on September 20, 2019, and was assaulted by Greenville County Sheriff's Office ("GCSO") deputies, who falsely claimed that Plaintiff was in possession of weapons. [*Id*.] Plaintiff contends the arrests noted above and the pending charges related to those arrests form the basis for the present action. [*Id*.] Plaintiff notes that he has filed a lawsuit against the responsible GCSO deputies in this Court related to the incidents noted above at case number 6:20-cv-00733-TMC-JDA.[1] [*Id*.]

Plaintiff alleges that, following his arrest on September 20, 2019, he learned that his appointed counsel for his other pending cases was relieved as counsel to represent him. [*Id*. at 7.] Plaintiff asserts that he has made several attempts to obtain new court appointed counsel and has filed pro se motions in his pending state criminal cases. [*Id*.] Plaintiff alleges that his motions were returned to him by the clerk of court based on instructions to do so by the solicitor's office. [*Id*.] Plaintiff alleges that "a circuit judge dismissed several illegal actions" by GCSO deputies due to "legal issues." [*Id*.]

Plaintiff alleges he has continued to file pro se motions, including motions for discovery, in his pending state criminal cases. [*Id*. at 8–9.] According to Plaintiff, his former court appointed attorney never received discovery. [*Id*. at 9.] Plaintiff contends that Defendant Fretwell threatened him with 51 years if he did not accept another court appointed attorney. [*Id*.] Plaintiff alleges that Defendant Fretwell discriminated against him

---

[1] The undersigned takes judicial notice of Plaintiff's pending criminal cases in the state court as well as his other pending action in this Court. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

as a pro se litigant and did not follow the state rules of procedure. [*Id*.] As a result of Defendant Fretwell's threats, Plaintiff agreed to accept the appointment of counsel, who then filed requests for discovery, *Brady* materials, and chemical and chain of custody documents on February 25, 2020. [*Id*. at 10.] Plaintiff alleges that his new counsel received only limited discovery and would not provide that discovery to Plaintiff, but instead stated that Plaintiff should stop telling lies. [*Id*. at 10–11.] Plaintiff contends that his new counsel told him there was no need to request bond because Defendant Fretwell would not allow it because Plaintiff had infuriated him by filing pro se motions. [*Id*. at 11.]

At a hearing for bond modification, Plaintiff's new counsel notified the presiding judge that she wished to be relieved as counsel. [*Id*. at 12.] Defendant Fretwell recommended that no bond be allowed because there was no court appointed counsel representing Plaintiff, and the judge denied bond. [*Id*.] The court then appointed a new attorney to represent Plaintiff, although Defendant Fretwell opposed the court providing further counsel. [*Id*.] Plaintiff contends that he has identified numerous discrepancies in the dockets in his state criminal actions. [*Id*. at 12–13.] Plaintiff alleges that Defendant Fretwell "intentionally created [a] false plea offer" and "has been vindictively attempting to manipulate this prosecution." [*Id*. at 12.] According to Plaintiff, Defendant Fretwell intentionally violated his Fifth Amendment rights in order to gain a tactical advantage and failed to provide exculpatory evidence to Plaintiff or his counsel. [*Id*. at 13.] Plaintiff contends that, on May 27, 2020, he learned that no true bill indictment had been issued for any of the pending charges against him. [*Id*. at 14.] Plaintiff alleges that Defendant Fretwell's conduct has caused an unnecessary pre-indictment delay, violating his due process rights. [*Id*.] Plaintiff further alleges that Defendant Fretwell discriminated against

him and violated his equal protection rights under the Fourteenth Amendment, resulting in the denial of Plaintiff being released on bail. [*Id*. at 15.]

For his injuries, Plaintiff alleges that he has suffered damages in that he has lost any expectation of fairness due to the malicious actions of Defendants. [*Id*. at 18.] Plaintiff further alleges he has lost his enjoyment of life, has separation anxiety because he has been kept away from his family, has mental anguish from being absent from his children, and has suffered discrimination, defamation of his character, cruel and unusual punishment, and the loss of his liberty without due process, among other things. [*Id*. at 18–19.] For his relief, Plaintiff seeks $10 million in damages for his injuries. [*Id*. at 20.]

## **STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Amended Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less

4

stringent standard, Plaintiff's Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, the Complaint is subject to summary dismissal as Defendants are entitled to immunity from suit. The crux of this action appears to be a challenge to Defendants' conduct related to their prosecution of criminal charges against Plaintiff in the state court. For his relief, Plaintiff seeks money damages.

Plaintiff sues Assistant Solicitor Allen O. Fretwell and Solicitor W. Walt Wilkins, both with the Thirteenth Judicial Circuit Solicitor's Office. Attorneys with the Solicitor's Office are entitled to prosecutorial immunity.[2] In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial

---

[2]In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST Art. V, § 24; S.C. Code § 1-7-310. As noted, such prosecutors are protected by immunity for activities in or connected with judicial proceedings.

phase of the criminal process." *Id.* at 430. For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pretrial "motions" hearings, absolute immunity applies. *Van de Kamp*, 555 U.S. at 341–45. Here, the alleged wrongful conduct of Defendants is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, these Defendants have absolute immunity from suit. *See Dowdle v. Skinner*, No. 6:12-cv-3253-DCN, 2013 WL 5771199, at *2 (D.S.C. Oct. 24, 2013); *Rhodes*, 2009 WL 2588487, at *3 ("Even if the . . . Solicitor's Office could be construed as [a] 'person[ ]' under § 1983, . . . [the] Solicitor's Office would be entitled to prosecutorial immunity, as would any individual Solicitor or Assistant Solicitor within that office."). Accordingly, Plaintiff's claim against Defendants is subject to dismissal.

## **CONCLUSION AND RECOMMENDATION**

In light of the foregoing, it is recommended that the District Court **DISMISS** this action pursuant to 28 U.S.C. § 1915 and § 1915A without leave to amend[3] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 18, 2020
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3]The undersigned finds that Plaintiff cannot cure the defects in his Complaint by mere amendment and therefore recommends that the instant action be dismissed without affording Plaintiff an opportunity to amend because amendment would be futile. *See Goode v. Cent. Va. Legal Aid Soc'y*, Inc., 807 F.3d 619, 624 (4th Cir. 2015); *Thomas v. Drive Auto. Indus. of Am., Inc.*, No. 6:18-cv-169-AMQ, 2018 WL 5258811, at *2 (D.S.C. July 25, 2018) (declining to automatically give plaintiff leave to amend pursuant to *Goode* because plaintiff could not cure the defects in his claims against defendant by mere amendment), *Report and Recommendation adopted by* 2018 WL 5255183 (D.S.C. Oct. 22, 2018); *Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 (D.S.C. Oct. 2, 2018) (declining to give plaintiff leave to amend because it would be futile for plaintiff to amend his complaint against the defendants being dismissed), *aff'd*, 766 F. App'x 1 (4th Cir. 2019).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).