IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Daniel J. Perry, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:20-cv-02223-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Allen O. Fretwell and W. Walt Wilkens, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Daniel J. Perry ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1, 7). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss this action with prejudice and without issuance and service of process. (ECF No. 9). Plaintiff filed objections to the Report, (ECF No. 11), and this matter is now ripe for review.

## BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 9). Briefly,

1

Defendants are both attorneys with the Thirteenth Judicial Circuit Solicitor's Office for the State of South Carolina whom Plaintiff alleges violated his rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments in connection with their prosecution of certain state criminal charges against Plaintiff.  *See* (ECF No. 1 at 7–15); *see also* (ECF No. 9 at 6).  Plaintiff is currently facing charges in state court for driving under a suspended license, speeding, unlawfully carrying a firearm, and drug trafficking.  (ECF No. 1 at 6); *see also State of South Carolina v. Perry*, 2019A2330203008, Greenville County Public Index (filed April 4, 2019) (unlawful carrying of a firearm); *State of South Carolina v. Perry*, 2019A2330205807, Greenville County Public Index (filed July 3, 2019) (drug trafficking); *State of South Carolina v. Perry*, 2019A2330205808, Greenville County Public Index (filed July 3, 2019) (drug trafficking); *State of South Carolina v. Perry*, 20191100073805, Greenville County Public Index (filed Sept. 4, 2019) (speeding); *State of South Carolina v. Perry*, 20191100073806, Greenville County Public Index (filed Sept. 4, 2019) (driving with a suspended license).[1]

According to the Complaint, on September 19, 2019, the attorney who had been appointed to represent Plaintiff on some of the above charges was relieved as

---

[1] The court may take judicial notice of the state court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "'the most frequent use of judicial notice is in noticing the content of court records.'").

counsel. (ECF No. 1 at 7). Plaintiff began filing *pro se* motions, including motions to appoint counsel, and sending them to the Clerk of Court and the Greenville County Solicitor's Office. *See id*. Plaintiff asserts that in November 2019, the Clerk of Court stopped returning Plaintiff's motions based on instructions from the Solicitor's Office. *Id*. Plaintiff also filed numerous motions for discovery which he alleges the state court never ruled upon. *Id*. at 8. Plaintiff then began filing motions for "violations of prosecutorial misconduct under (*Brady*)[,]" "vindictive prosecution[,]" and "failure to provide a speedy trial," on the grounds that he had not received any discovery and his bond had been denied. *Id*. at 9.

Plaintiff alleges that in February 2020, Defendant Fretwell "threaten[ed] [Plaintiff] with (51) years if [he] did not accept another court appointed attorney." *Id*. Plaintiff claims that Defendant Fretwell discriminated against Plaintiff as a *pro se* litigant and failed to follow the rules of procedure for state court. *Id*. As a result of Defendant Fretwell's alleged threat, Plaintiff agreed to be represented by another court-appointed attorney ("Conflict Counsel")[2], who immediately filed requests for discovery, as well as any *Brady*[3] materials, on Plaintiff's behalf. *Id*. at 9–10. However, Plaintiff asserts that Conflict Counsel refused to share any of the discovery

---

[2] Plaintiff refers to this attorney as "conflict counsel" throughout his Complaint. For ease of reference, the court will refer to this individual in the same manner.

[3] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

with Plaintiff and told Plaintiff to "stop telling lies because no misconduct took place [during his arrest] or so it 'appeared' on paper." *Id*. at 11.

Plaintiff also alleges that Conflict Counsel informed him "there was no need to ask for bond because [Defendant Fretwell] would not allow it because [Plaintiff] had infuriated him by [his] *pro se* motions." *Id*. Plaintiff acknowledges, however, that Conflict Counsel did seek to modify Plaintiff's bond in April 2020. *Id*. at 11–12. At the bond modification hearing, Conflict Counsel sought to be relieved and, according to Plaintiff, Defendant Fretwell asked the court to deny bond because Plaintiff was no longer represented by a court-appointed attorney. *Id*. at 12. Plaintiff asserts that he was appointed another attorney over Defendant Fretwell's objection. *Id*. Plaintiff further alleges that Defendant Fretwell created a false plea offer intended to confuse Conflict Counsel by listing charges which Plaintiff asserts were no longer pending at the time the plea offer was made. *Id*. at 13. Based on these allegations, Plaintiff claims that Defendant Fretwell intentionally violated Plaintiff's Fifth Amendment rights by failing to provide exculpatory evidence in order "to gain a tactical advantage." *Id*. at 13; *see also id*. at 13–15.

Additionally, Plaintiff asserts that, on May 27, 2020, the Greenville County Clerk of Court informed him that there was no True Bill Indictment for any of the pending criminal charges against him. *Id*. at 14. Accordingly, Plaintiff asserts that Defendant Fretwell "illegally and unlawfully . . . cause an unnecessary pre-

4

indictment delay leading to due process violations." *Id*. Plaintiff asserts that these alleged actions by Defendant Fretwell, including his failure to provide Plaintiff with discovery and threatening Plaintiff, also violated Plaintiff's rights under the Eighth, Ninth, and Fourteenth Amendments. *See id*. at 15–16.

As to Defendant Wilkens, Plaintiff claims that he reached out to Defendant Wilkens regarding Defendant Fretwell's prosecution of these charges because Defendant Wilkens "is ultimately responsible for [Defendant Fretwell]." *Id*. at 16–17. Plaintiff received no response from Defendant Wilkens which, according to Plaintiff, shows Defendant Wilkens' "wanton disregard for [Plaintiff] and . . . the level of gross crimes of moral turpitude in the Solicitor[']s Office." *Id*. at 17. Specifically, Plaintiff claims Defendant Wilkens has failed to "hold[] his [Assistant Solicitors] accountable [for] their actions to ensure constitutionally sound treatment of persons." *Id*.

For relief, Plaintiff seeks ten million dollars in compensatory damages for his alleged injuries. *Id*. at 20.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection

5

is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the

absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint with prejudice because both of the defendants are immune from suit and because Plaintiff has failed to allege a cognizable claim against the Defendants. (ECF No. 9 at 6–7). Although Plaintiff filed objections to the Report, they all fail to specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 11). Rather, the objections are non-specific and unrelated to the dispositive portions of the Report. *See id*.

First, Plaintiff objects to the magistrate judge's recommendation that the case be dismissed without granting Plaintiff leave to amend his Complaint. *See id*. at 1–

7

2. Specifically, Plaintiff notes that he inadvertently omitted relevant information from his Complaint, which he asks the court to consider. *See id*. However, Plaintiff explicitly acknowledges that the additional information he seeks to include in his pleadings is merely "factual background" and he does not seek to assert any further claims or allegations against Defendants. *See id*. at 1. Indeed, the information he sets forth in his objections relates to his pending charge for driving under a suspended license and alleges that "the law enforcement officers involved wrongfully and falsely filled out legal documentation to invalid[ate] information[.]" *Id*. at 2. These statements in no way relate to Defendants or Plaintiff's allegations against them in the Complaint. Moreover, as the magistrate judge noted in the Report, any amendment Plaintiff could make to the Complaint would be insufficient to cure the deficiencies therein based on Defendants' immunity from suit. (ECF No. 9 at 8 n.3). Accordingly, Plaintiff's first objection is overruled.

Liberally construed, Plaintiff's second objection to the Report is the magistrate judge's finding that Defendants are entitled to prosecutorial immunity. *See* (ECF No. 11 at 2–4). However, Plaintiff fails to identify with particularity any factual or legal error in the magistrate judge's analysis or recommendations. *See id*. Instead, this objection asserts nothing more than Plaintiff's disagreement with the law and the magistrate judge's conclusion that Defendants are entitled to absolute immunity. *See id*; *see also* (ECF No. 9 at 6–7). Such objections, which "merely

8

express disagreement with the magistrate judge's Report . . . and contain legal phraseology in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna, et al.*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that de novo review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). The magistrate judge correctly noted that, under *Imbler v. Pachtman*, 424 U.S. 409 (1976), "prosecutors . . . acting within the scope of their duties[] have absolute immunity from liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are 'intimately associated with the judicial phase of the criminal process.'" (ECF No. 9 at 6–7 (quoting *Imbler*, 424 U.S. at 430)). Thus, the court finds no error in the magistrate judge's analysis or recommendation that Plaintiff's claims be dismissed based on Defendants' immunity from suit, and this objection is also overruled.

Therefore, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court agrees with the magistrate judge's conclusion that Plaintiff's complaint is subject to summary dismissal based on Defendants' immunity from suit. (ECF No. 9). Thus, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, *id.*, and

9

incorporates it herein.  Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 19, 2020

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.